maining portion, the title to such additional wheat would pass to the original owners. Rahilly v. Wilson, Case No. 11,531.]

## Case No. 63.

### ADAMS v. MILLER.

[1 Cranch, C. C. 5.][1]

Circuit Court, District of Columbia. April, 1801.

#### APPRENTICE—ASSUMPSIT.

Assumpsit lies by the apprentice against his master who takes the apprentice under an order of the court to bind him out, [and fails to comply with the terms of such order,] although no indentures are executed.

At law. Assumpsit for not teaching the plaintiff the trade of a silversmith, and to read and write, according to promise.

The corporation court of Alexandria had ordered the overseers of the poor to bind out the plaintiff to defendant.

THE COURT instructed the jury, that the defendant having taken the boy under the order of the court, although there was no indenture, the law raises an implied promise on the part of the defendant to comply with the terms of that order.

---

ADAMS, (MINI v.)

[See Mini v. Adams, Case No. 9,632.]

---

ADAMS, (MONCE v.)

[See Monce v. Adams, Case No. 9,705.]

---

ADAMS, (NEW ORLEANS NAT. BANK-ING ASS'N v.)

[See New Orleans Nat. Banking Ass'n v. Adams, Case No. 10,184.]

---

ADAMS, (NORTHRUP v.)

[See Northrup v. Adams, Case No. 10,328.]

---

## Case No. 64.

### ADAMS v. The OCEAN QUEEN.

[The case cited under this title in The Mary J. Vaughan, Case No. 9,217, and in The Aleppo, Id. 158, is the same as The Ocean Queen, Case No. 10,409.]

---

ADAMS, (OWENS v.)

[See Owens v. Adams, Case No. 10,633.]

---

[1][Reported by Hon. William Cranch, Chief Judge.]

## Case No. 65.

### ADAMS v. The SOPHIA.

[Gilp. 77.][1]

District Court, E. D. Pennsylvania. April 25, 1829.

#### SEAMEN—WAGES—LOSS OF VESSEL.

1. When the cargo and freight of a vessel are lost, before the termination of a voyage, the wages of the seamen are also lost, and the original contract therefor is annulled.

[Cited in Davis v. Leslie, Case No. 3,639; The Dawn, Id. 3,666. Questioned in The Massasoit, Id. 9,260.]

[See, also, Giles v. The Cynthia, Case No. 5,424; McQuirk v. The Penelope, Id. 8,925; The Saratoga, Id. 12,355; Henop v. Tucker, Id. 6,368.]

[See note at end of case.]

2. When a portion of a vessel or her cargo is saved by the meritorious and extraordinary exertions of the seamen, a new lien arises thereon for their wages, although the freight is lost, and the original contract annulled.

[Cited in The Dawn, Case No. 3,666, and in The Niphon's Crew, Id. 10,277.]

[In admiralty. Libel by Samuel Adams, Asa Combs, Kennedy Andrews, James Howard, Edward Gillespier, John Antonio, and William Martin against the brig Sophia, Charles A. Kalberg, master, for wages. Decree for Samuel Adams, but dismissing the libel of the other libelants.]

J. R. Ingersoll, for libellants.
D. P. Brown, for respondent.

HOPKINSON, District Judge. Two libels are filed in this case: one on behalf of Samuel Adams, the mate of the brig; and the other on behalf of Asa Combs and others, seamen; both claiming wages for the libellants as mariners on board of the brig, on her late voyage from St. Thomas to Rum Key, and from thence to Philadelphia. This vessel sailed from St. Thomas on the 19th November last, arrived safely at Rum Key, and, after some detention there, proceeded on her voyage to Philadelphia; but on the 4th of February was wrecked near the capes of Delaware. The vessel and cargo were lost; but some of the rigging and spars were saved, and brought within this district, and have been libelled and attached to answer the claims of the libellants. The seamen have set forth their claims in their libel; and the mate has preferred his separately. They present different questions for the consideration and decision of the court, and will be separately examined. I shall first take up that of the seamen. It is objected to these libellants, in limine, that their libel presents no case for them; that, taking the facts, they state to be true, they do not show a right of recovery; or rather that it is apparent, on their own statement, that they are not entitled to the prayer of their petition; that is, to their wages on the voyage described. The proceedings of a court of admiralty are

[1][Reported by Henry D. Gilpin, Esq.]